IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 10, 2007

**STATE OF TENNESSEE v. ANTHONY ALLEN**

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 00-10541-47, 00-10550-56    John P. Colton, Judge**

**No. W2006-01080-CCA-R3-CD  - Filed June 25, 2007**

The defendant, Anthony Allen, was convicted in 2002 of seven counts of aggravated robbery, eight counts of aggravated rape, and one count of facilitation of aggravated rape which the trial court merged with one of the rape convictions, and received an effective sentence of 124 years.  In State v. Anthony Allen, No. W2004-01085-CCA-R3-CD, 2005 WL 1606350, at *1 (Tenn. Crim. App. July 8, 2005), perm. to appeal denied (Tenn. Dec. 19, 2005), this court reversed one of the convictions for aggravated rape, remanding it for a new trial, and affirmed all of the remaining convictions but remanded the matter for a new sentencing hearing to determine whether consecutive sentencing was appropriate.  Following the reconsideration by the trial court and the defendant's being sentenced to an effective sentence of 104 years, the defendant appeals, arguing that the trial court erred in finding that he was a dangerous offender and that his criminal activity was extensive. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and DAVID G. HAYES, J., joined.

William D. Massey and Lorna S. McClusky, Memphis, Tennessee, for the appellant, Anthony Allen.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; and William S. Crossnoe, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

In resentencing the defendant, the trial court explained why he was a dangerous offender:

After considering the statutory criteria and the purposes and principles of consecutive sentencing, the Court finds that the defendant is a dangerous offender according to the definition stated in Tenn. Code Ann. § 40-35-115(b)(4). The defendant systematically terrorized a number of females over the course of a month. He demoralized, robbed, and raped these women with an absolute disregard for human life which was made obvious by his unprovoked actions. What female was to be victimized was unimportant to the defendant. His random acts demonstrate that he did not hesitate to commit a crime in which the risk to human life was high. The defendant's conduct clearly satisfies the condition stated in Tenn. Code Ann. § 40-35-115(b)(4), therefore, the defendant is a dangerous offender.

The Court finds that the consecutive sentencing, which results in 124 year[1] sentence, reasonably relates to the severity of the crimes committed by the defendant. Specifically, the Court cites as justification for the consecutive sentence the fact that on three separate occasions, all within a month, the defendant participated in the rape and robbery of eight women. Furthermore, the Court finds that consecutive sentencing is necessary to protect the public from further crime on behalf of the defendant. The defendant's determination to engage in criminal conduct with absolutely no concern for human life results in the belief of the Court that a consecutive sentence is necessary to protect the public from the defendant.

Additionally, the court explained that the defendant's criminal record was extensive:

After considering the statutory criteria and purposes of consecutive sentencing, the Court also finds that the defendant's extensive criminal activity justifies the administration of a consecutive sentence. This determination is based upon the offenses for which the defendant is presently being sentenced. The Court of Criminal Appeals has held that the court may consider the offenses for which a defendant is being sentenced in determining whether the defendant has an extensive record of criminal activity. State v. Daryl Adrian Benjamin Ingram, No. W2002-00936-CCA-R3-CD, 2003 WL 721704, at *3 (Tenn. Crim. App. Feb. 26, 2003). The Court concludes that the extent of the defendant's crimes in the present case justify the implementation of consecutive sentences pursuant to Tenn. Code Ann. § 40-35-115(b)(2).

## ANALYSIS

On appeal, the defendant argues that his Sixth Amendment rights were violated by the court's finding that he was a dangerous offender and had an extensive record of criminal activity. In making

---

[1] The trial court subsequently entered an "Order Modifying Finding[s] of Fact and Conclusions of Law," stating that "the number '124' was inadvertently typed as the length of years of the sentence. The length of sentence in this case totals 104 years."

this argument, the defendant relies upon the decisions of the United States Supreme Court in <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004), and <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005). In <u>Blakely</u>, the Court held that the jury, and not the trial judge, must find as to the facts "which the law makes essential to the punishment" and "that the 'statutory maximum' for <u>Apprendi</u>[2] purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 542 U.S. at 303-04, 124 S. Ct. at 2536-37. The State responds that these cases apply in determining only what sentence a defendant should serve for each conviction but not as to whether multiple convictions should be served consecutively. As we will explain, we agree with the State.

Although the defendant presents a well-constructed argument in support of his view of the reach of the holdings in <u>Blakely</u> and <u>Booker</u>, the courts have disagreed with such an interpretation.

In <u>State v. Robinson</u>, 146 S.W.3d 469, 499 n.14 (Tenn. 2004), our supreme court noted that courts of other states had determined to be without merit claims that the holdings in <u>Blakely</u> and <u>Apprendi</u> applied to consecutive sentencing:

> The defendant argues that pursuant to <u>Blakely</u> and <u>Apprendi</u>, he was entitled to a jury trial on the factors supporting consecutive sentencing. The State did not respond. The record reflects that the defendant did not rely upon <u>Apprendi</u> in the trial court or in the Court of Criminal Appeals in support of this claim, nor did he argue in the lower courts that a jury had to make the consecutive sentencing findings. We note that several courts have rejected the defendant's contention and held that <u>Blakely</u> and <u>Apprendi</u> do not apply to the decision to impose consecutive sentences. See <u>People v. Sykes</u>, 120 Cal. App. 4th 1331, 16 Cal. Rptr. 3d 317, 327 (2 Dist. 2004) (citing cases).

In <u>Gould v. State</u>, 151 P.3d 261 (Wy. 2006), the Wyoming Supreme Court held that the holding in <u>Blakely</u> did not affect a trial court's determination as to whether sentences should be served consecutively:

> The argument that judicial imposition of consecutive sentences violates the Sixth Amendment has been soundly rejected by other courts. The Hawaii Supreme Court stated: "[O]ther jurisdictions, including several federal circuits, have aphoristically dismissed the proposition that either <u>Blakely</u> or <u>Apprendi</u> proscribes consecutive term sentencing, and this court does likewise." <u>State v. Kahapea</u>, 111 Hawai'i 267, 141 P.3d 440 (2006), and cases cited therein. We follow suit and conclude the district courts did not improperly enhance the appellants' sentences under the Sixth Amendment and the rationale of <u>Apprendi</u> or <u>Blakely</u> simply by imposing consecutive sentences for their separate crimes.

---

[2]<u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348 (2000).

Id. at 268.

In accord, and citing a number of like holdings from other jurisdictions, State v. Cubias, 120 P.3d 929, 932 (Wash. 2005), concluded that Blakely and Apprendi are not implicated "so long as the sentence for *any single offense* does not exceed the statutory maximum for that offense."

Likewise, in State v. Tanner, 150 P.3d 31 (Or. Ct. App. 2006), the Oregon Court of Appeals, reviewing decisions of other states on the question, concluded that Apprendi and Blakely did not affect judicial fact-finding necessary to determine whether sentences should be served consecutively:

> [A] number of jurisdictions have grappled with the issue presented here and, while all have considered the implications that Apprendi and Blakely may have on judicial factfinding in support of consecutive sentences, all but one have declined to extend the rule of law from Apprendi and Blakely into this context, generally on the ground that the Apprendi Court itself appeared to indicate that the rule was inapplicable to multiple sentences.

Id. at 39.

Some of the courts which have reached the same conclusion are Smylie v. State, 823 N.E.2d 679, 686 (Ind.), cert. denied, __ U.S. __, 126 S. Ct. 545 (2005) (judicial fact-finding as to existence of aggravating factor to impose consecutive sentence did not violate the Sixth Amendment because the punishment for each sentence did not exceed its statutory maximum), and People v. Wagener, 752 N.E.2d 430 (Ill. 2001). The lone decision to the contrary is State v. Foster, 845 N.E.2d 470, 491 (Ohio), cert denied, __ U.S.__, 127 S. Ct. 442 (2006), wherein the Ohio Supreme Court concluded that "because the total punishment increases through consecutive sentences only after judicial findings beyond those determined by a jury or stipulated to by a defendant, [the Ohio sentencing statute] violated principles announced in Blakely." Id. at 491.

We agree with the large majority of courts which have considered this issue and conclude that the decisions in Apprendi and Blakely do not apply to consecutive sentencing or limit a trial court's making findings as to whether sentences should be served consecutively.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE